UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARRRICK PINKSTON,

        Petitioner,

        v.                            CAUSE NO. 3:21-CV-623-JD-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Darrick Pinkston, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 21-02-128) where a Disciplinary Hearing Officer (DHO) found him guilty of Battery Against Staff in violation of Indiana Department of Correction offense A-117 on February 23, 2021. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted to Credit Class 2. Pinkston pleaded guilty and did not bring an administrative appeal.

However, before bringing a habeas corpus challenge, a prisoner must exhaust his claims as required by 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). "The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level." *Id*. at 982. Therefore, the claims in this habeas corpus petition are procedurally defaulted.

Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Cause is "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule." *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992). Here, Pinkston argues that he did not file an administrative appeal because "cause I didn't feel the need cause I pleaded guilty." ECF 1 at 3. Pinkston's decision to not bring an administrative appeal was not an external, objective factor. Thus, he has not demonstrated cause and prejudice and the court cannot consider the grounds raised in this petition.

If Pinkston wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal in this case could not be taken in good faith.

For these reasons, the court: (1) DENIES the habeas corpus petition (ECF 1); (2) DIRECTS the clerk to enter judgment; and (3) DENIES Darrick Pinkston leave to proceed in forma pauperis on appeal.

SO ORDERED on August 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT